UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Patrick Luci, on behalf of himself and others similarly situated,**<br>*Plaintiffs*<br><br>Vs,<br><br>**Overton, Russell, Doerr, and Donovan, LLP,**<br>**Thomas R. McCormick,**<br>**Brian S. Strohl,**<br>**Linda L. Donovan**<br><br>*Defendants* | **COMPLAINT**<br>Case No.: 6:18-CV-0360 (DNH/ATB)<br><br>*Jury Trial*<br>*Demanded* |

PATRICK LUCI, the plaintiff herein, by his attorneys, for himself and others similarly situated, alleges and complains of the defendants as follows:

NATURE OF THE ACTION

1. This class action seeks to vindicate the rights of New York consumers who received false and deceptive state court summonses from the high-volume collection law firm of Overton, Russell, Doerr, and Donovan LLP and its partners in state court consumer collection actions brought in this District, in which Overton, Russell, Doerr, and Donovan LLP represented the plaintiff.

2. Specifically, defendant's boilerplate state court summonses falsely informed consumers that their time to file an answer or otherwise move in response to the state court collection actions filed against them was significantly shorter than it really was.

3. These misstatements are clearly material because they misinform consumers as to important legal rights they have in state court collection actions and can influence a consumer's decision or ability to challenge a debt, and might

1

       reasonably prompt a consumer-operating under a false sense of urgency with regard to his or her time to put in an answer, to either to settle rather than litigate, or determine it was too late for the consumer to do anything.

4. Defendants' false and unfair misrepresentations violate the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 *et seq*, which was designed to prohibit precisely these sorts of abusive, deceptive or unfair debt-collection practices. It also violates the New York State General Business Law §349.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 15 USC §1692k(d) and 28 USC §1331.

6. Declaratory relief is available under 28 USC §§2201 and 2202.

7. This Court has ancillary jurisdiction to determine any state law claim per 28 USC §1367.

8. Venue is proper in this District per 28 USC §1391 as plaintiff and all defendants live in this district, defendants conduct business in this district and the transactions that gave rise to this action occurred, in substantial part, in this district.

## PARTIES

*Named Plaintiff*

9. Named plaintiff Patrick Luci has at all relevant times been a resident of Otsego County, New York State.

10. Mr. Luci is a "consumer" as that term is defined at 15 USC §1692a(3).

11. Mr. Luci was sued in a consumer collection action titled 'SEFCU vs Patrick Luci" (Index No. 2017-106372, Supreme Court for Herkimer County) (the "state court action")

12. In the state court action, SEFCU was represented at all relevant times by Overton, Russell, Doerr, and Donovan LLP.

*Defendants*

13. Upon information and belief, at all relevant times. Defendant **Overton, Russell, Doerr, and Donovan LLP ("ORDD"):**

    a. Is a limited liability partnership organized and existing under the laws of New York State with a principal place of business in Clifton Park, Saratoga County, New York;

    b. Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    c. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6).

14. Upon information and belief, at all relevant times. Defendant **Thomas R. McCormick** is and has been:

    a. A lawyer licensed to practice law in the State of New York;

    b. A member or partner of ORDD;

    c. Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

    e. Committed or perpetrated the acts complained of, or did so in combination with one or the other defendants, or ratified their actions.

    f. Supervises and has supervisory and decision-making authority over ORDD's debt collection efforts.

15.    Upon information and belief, at all relevant times. Defendant **Brian S. Strohl** is and has been:

    a. A lawyer licensed to practice law in the State of New York;

    b. A member or partner of ORDD;

    c. Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

    e. Committed or perpetrated the acts complained of, or did so in combination with one or the other defendants, or ratified their actions.

    f. Supervises and has supervisory and decision-making authority over ORDD's debt collection efforts.

16. Upon information and belief, at all relevant times. Defendant **Linda L. Donovan** is and has been:

    a. A lawyer licensed to practice law in the State of New York;

    b. A member or partner of ORDD;

    c. Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

    e. Committed or perpetrated the acts complained of, or did so in combination with one or the other defendants, or ratified their actions.

    f.    Supervises and has supervisory and decision-making authority over ORDD's debt collection efforts.

## NAMED PLAINTIFF'S EXPERIENCES

17. On or about December 24, 2017, ORDD sued Luci in the Supreme Court for Herkimer County ("state court action") alleging Luci had defaulted in payment on a credit card issued by SEFCU ("debt or "the debt").

18. Whether or not Mr. Luci owed the debt, it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence it is a "debt" as that terms is defined in the FDCPA at 15 USC §1692a(5).

*The Summons*

19. The state court action was commenced on December 24, 2017 by the filing of a summons and complaint with the Herkimer County Clerk.

20. A true copy of the summons ORDD filed in the state court action for SEFCU against Mr. Luci is attached hereto as Exhibit A. ("Summons")

21. The Summons contains the following language:

"YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty days after service of this summons, exclusive of the day of service, or within thirty days after service if this summons is not personally delivered to you within the State of New York. Upon your failure to answer, a judgment will be entered against you by default for the relief demanded in the complaint. "

22. According to records filed in the Herkimer County Clerk's Office by defendants, Mr. Luci was allegedly served pursuant to CPLR 308(4) "nail 'n mail" service, i.e., a copy was affixed to the door of Mr. Luci's residence on January 18, 2018, and a copy was mailed to him at that residence address on January 19, 2018, with the affidavit of service being filed with the Herkimer County Clerk on February 1, 2018.

23. A true copy of the affidavit of service alleging service and filing is attached to this as Exhibit B.

24. The Summons was signed by Thomas R. McCormick.

25. Mr. McCormick, who is a partner of ORDD, signed the summons in the regular course of his employment with ORDD.

*26.* By signing the Summons, Mr. McCormick (on behalf of ORDD and its partners and client) certified to Mr. Luci and the court that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the Summons or the contentions therein were not frivolous as defined at section 130-1.1(c) of 22 NYCRR , *i.e.,* defendants certified that the Summons did not contain a false statement of material fact . *see 22 NYCRR 130-1.1(a) and ( c ) .*

*27.* This certification was false.

*28.* Pursuant to applicable law (*i.e.,* CPLR §308, CPLR §320(a)) an answer was not, as stated in the Summons, due thirty days "after service" but rather, thirty days after service was complete.

7

29. As a matter of law, service is not complete under CPLR §308 (2 ) or (4) until 10 days after the affidavit of service is filed with the clerk of the court.

30. In this case, service was not complete until February 11, 2018.

31. It was not until February 11, 2018, that Mr. Luci's time to answer the complaint began to run.

32. The Summons thus contained a false statement regarding the time Mr. Luci had to answer the summons and complaint.

33. Defendants, and each of them, knew or should have known that the Summons did not comply with or adequately disclose the law, but used the Summons in the form set forth at Exhibit A anyway.

34. Upon information and belief, defendants use summonses in the same form and substance as Exhibit A every time they commence legal action against consumers in this District.

35. Upon information and belief, the individual defendants -McCormick, Strohl and Donovan - all sign summonses in actions brought by ORDD against consumers in this District ( and each has signed and thus certified the summonses) in the same form and substance as Exhibit A in the regular course of ORDD's business.

36. Upon information and belief, defendants commenced at least 100 actions in 2017 alone against consumers using a summons in the same style and format as Exhibit A.

## CLASS ALLEGATIONS

37. The plaintiff, Patrick Luci, brings this action on behalf of not only himself, but also in behalf of a class of all other persons similarly situated, per Fed. R. Civ. P. Rule 23.

38. Plaintiff seeks to represent the following class and two ( 2) subclasses defined as follows:

    a. The Class:

        (i) Natural persons;

        (ii) Who were sued in a state court consumer collection action;

        (iii) Brought in a city, county or supreme court located within the Northern District of New York;

        (iv) In which ORDD represented the plaintiff;

        (v) And in which a summons sent or served on the state court defendant mis-described the state court defendant's time to answer by stating, in relevant part as follows or substantively as follows: "YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty days after service of this summons, exclusive of the day of service, or within thirty days after service if this summons is not personally delivered to you within the State of New York. Upon your failure to answer, a judgment will be entered against you by default for the relief demanded in the complaint", and

        (vi) In which the method of service was either pursuant to CPLR 308(2) or CPLR 308(4).

    b. The FDCPA Sub-Class:

        (i) All those who meet the class criteria set forth above at paragraph 36(a) and where, in addition, said summons was alleged by the state court plaintiff to have been served upon or sent to the state court defendant within one year of the commencement of this class action.

    c. The NYSGBL 349 Sub-Class:

        (i) All those who meet the Class definition set forth above at paragraph 36(a) and where, in addition, said summons was alleged by the state court plaintiff to have been served upon or sent to the state court defendant within three years of the commencement of this action.

39. All members of the Class are also members of the NYSGBL 349 Sub-Class, and some are members, in addition of the FDCPA Sub-Class.

40. Excluded from the Class or sub-classes are:

    a. Anyone who was alleged to have been served by personal service per CPLR 308(1);

    b. Anyone employed by counsel for Plaintiff in this action, and

    c. Any judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

41. The Summons at issue is a boilerplate document whose language does not materially vary from one action to the next, and which, upon information and belief, was sent by defendants to hundreds if not thousands of consumers.

42. The Class and subclasses include hundreds, if not thousands, of members and are sufficiently numerous that joinder of all members is impractical.

43. Although the exact number of Class members and their addresses are unknown to plaintiffs, they are readily ascertainable from Plaintiff's records.

*Existence and Predominance of Common Issues*

44. Common questions of law and fact exist as to Plaintiffs and all members of the Class and predominate over questions affecting only individual Class members.

45. These questions include:

    a. Whether the Summons misrepresented the law regarding a state court consumer collection action defendant's time to answer, and more specifically, whether the Summons impermissibly stated a shorter time to answer than provided for under applicable state law;

    b. Whether such false, misleading and deceptive acts were material in nature;

    c.   Whether Defendants engaged in unfair and/or deceptive debt collection practices in violation of the FDCPA and/or GBL 349;

    d.   Whether Plaintiff and the other Class members are entitled to statutory damages, costs and attorney's fees under the FDCPA;

    e.   Whether Plaintiff and the other class members are entitled to damages of $50 each, costs and attorney's fees under GBL 349.

*Typicality*

46.   Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was:

    a.   Sued;

    b.   In a state court consumer collection action;

    c.   Brought in a court within the Northern District of New York;

    d.   In which ORDD represented the state court plaintiff, and

    e.   In which a Summons containing the relevant boilerplate was served on him or her.

47.   Thus, plaintiff's claims – based on the same boilerplate misstatements of law as to the claims of all other Class members- are typical of the claims of the Class.

48.   Put differently, all of the claims are based on the same factual and legal theories and the plaintiff, together with each Class member, have been

12

subjected to the same false and deceptive communications and acts by defendants.

*Adequacy*

49. Plaintiff will fairly and adequately represent the interests of the Class members. His interests do not conflict with the interests of the members of the Class he seeks to represent.

50. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this plaintiff and his counsel will not vigorously pursue this matter.

*Superiority*

51. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

52. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

53. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the

members of the Class themselves could afford such individual litigation, the court system could not.

54. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

55. By contrast, the class action device presents for fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

56. In the alternative the Class may be certified because:
    a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants.

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or

      substantially impair or impede their ability to protect their interests, and

  c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act)*

57. Plaintiff hereby restates, realleges and incorporates by reference all foregoing paragraphs.

58. Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair collection practices by many debt collectors. "*15 USC §1692 (a).*

59. A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *15 USC §1692e.*

60. Such a prohibition includes the false representation of "the character, amount or legal status of any debt." *15 USC §1692e(2)A).*

*61.* Such a prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt. " *15 USC §1692e(10).*

*62.* A debt collector may not "use unfair or unconscionable means to collect any debt. " *15 USC §1692f*

63. Defendants violated the FDCPA by sending out the Summons in its attempt to collect from Plaintiff and all others similarly situated because this conduct:

   a. Falsely represents that the consumer has thirty days from the date of service to answer the summons and complain when- under applicable law- the consumer has thirty days from the date service is complete and service is not complete under CPLR 308(2) and (4) until ten days after the affidavit of service is filed, *.i.e.,* Defendants falsely stated in the Summons that consumer's time to answer was at least ten days shorter than that provided for under applicable law – in violation of 15 USC§§ 1692e,1692e(2)(A), 1692e(5) and 1692e(10).

   b. Falsely, unfairly and unconscionably misstates the law in the Summons regarding consumers' rights to answer the State Court complaint, in violation of 15 USC §1692f.

64. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class are entitled to declaratory judgment, statutory damages, costs and attorneys' fees per 15 USC §1692k.

## COUNT 2

*(Violation of New York State General Business Law §349 )*

65. Plaintiff hereby repeats, realleges and incorporates by reference all foregoing paragraphs.

66. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in Count 1 was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of General Business Law §349 independent of whether it also constituted a violation of any other law.

67. Each of the alleged actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact on the public.

68. Specifically, without limitation, as set forth herein, Defendants falsely stated in the Summons that the state court defendant's time to answer 10 or more days shorter than provided for under applicable law.

69. These misstatements misinform consumers as important legal rights they have in state court collection actions; may influence a reasonable consumer's decision or ability to challenge a debt; and might reasonably prompt such a consumer- operating under false sense of urgency with

70. regard to his or her time to put in an answer – to settle rather than litigate.

70. By making these misstatements with regard to the rights of consumers in state court collection actions Defendants impaired the exercise of those rights.

71. Plaintiff, and all others similarly situated, have been damaged thereby.

72. Upon information and belief, the defendants' conduct as set forth herein has been frequent, intentional and persistent.

73. As a result of Defendants' violation of GBL 349, Plaintiff and each other member of NYGBL §349 sub-class are entitled to declaratory judgment, damages of $50 each, costs and attorney's fees.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38,

Plaintiff demands a trial by jury as to all issues

**WHEREFORE**, plaintiff and members of the Class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ.P. 23, naming Plaintiff as Class Representative and appointing his attorneys as class counsel;

B. A judgment declaring that Defendants have committed the violations of law alleged in this action;

C. Statutory damages per the FDCPA;

D. $50 per class member per NYGBL 349;

E. An order awarding costs, disbursements and attorney's fees per the FDCPA and NYGBL 349, and

F. Such other, different and further relief that may be just and proper.

DATED: March 19, 2018

| | |
|---|---|
| *s/ Anthony J. Pietrafesa* | *s/ Daniel A. Schlanger* |
| **Anthony J. Pietrafesa, Esq. (102368)**<br>721 University Building<br>120 East Washington Street<br>Syracuse NY 13202<br>T: 518-218-0851  F: 518-514-1241<br>ajp@ajp1law.com | Daniel A. Schlanger<br>**Schlanger Law Group, LLP**<br>9 East 40th Street #1300<br>New York, NY 10016<br>T. 212.500.6114 F. 646.612.7996<br>dschlanger@consumerprotection.net |

*ATTORNEYS FOR THE PLAINTIFF*